UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA

       -v-

ANTONIO LOZADA
------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER:CR-05-284(ARR)
J. DAVID NICK, ESQ
506 BROADWAY
SAN FRANCISCO, CALIFORNIA 94133
Defendant's Attorney & Address

THE DEFENDANT:
XXX  pleaded guilty to count two of the superseding indictment.
____  was found guilty on counts               after a plea of not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 1956(h) & 1956(a)(2)(B)(i) | CONSPIRACY TO CONCEAL AND TRANSFER NARCOTICS PROCEEDS. | TWO (2) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____  The defendant has been found not guilty on count(s)      and is discharged as
     to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special
     assessment of $100.00 which shall be due  XXX immediately ____ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

Defendant's Date of Birth 10/26/64

Defendant's Mailing Address:

14737 47th STREET - APT. 5J

FLUSHING, NEW YORK 11345

Defendant's Residence Address:

     ( SAME AS ABOVE )

_____

FEBRUARY 22, 2006
Date of Imposition of Sentence

(ALLYNE) R. ROSS, U.S.D.J.

FEBRUARY 22, 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

Defendant: ANTONIO LOZADA  Judgment - Page       of
Case Number: CR-05-284(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty four (44) months.

**XXX**    The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT PARTICIPATE IN THE 500 HOUR PROGRAM ,AS INSOFAR, CONSISTENT WITH THE REQUEST TO BE DESIGNATED AT THE FACILITY IN FORT DIX.

___    The defendant is remanded to the custody of the United States Marshal.
___    The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                    United States Marshal

                    By_____

Case 1:05-cr-00284-ARR   Document 48   Filed 03/02/06   Page 3 of 13 PageID #: 196

Defendant: ANTONIO LOZADA
Case Number: CR-05-284(ARR)

Judgment - Page    of

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) Deft shall participate in substance abuse treatment with a treatment provider selected by the probation department. Treatment may include outpatient or residential treatment as determined by the probation department. Deft shall abstain from all illegal substances and/or alcohol. Deft shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the deft's ability to pay and/or the availability of third party payment.
2) Deft shall not possess any firearms.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: ANTONIO LOZADA
Case Number: CR-05-284(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: ANTONIO LOZADA
Case Number: CR-05-284(ARR)

Judgment - Page       of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00       , consisting of a fine of $    N/A       and a special assessment of $ 100.00      .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

__XXX__  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

1

1          UNITED STATES DISTRICT COURT
2          EASTERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - X

4   UNITED STATES OF AMERICA,     :

                                  :
5                   Plaintiff,    :        CR-05-284

                                  :
6              -against-          :        United States Courthouse

                                  :
7                                 :        Brooklyn, New York

8   ANTONIO LOZADA,               :

                                  :
9                   Defendant.    :

                                  :        February 22, 2006
10  - - - - - - - - - - - - - - X            11:30 a.m.

11                      TRANSCRIPT OF SENTENCING
                 BEFORE THE HONORABLE ALLYNE ROSS
12                 UNITED STATES DISTRICT JUDGE

13  APPEARANCES:

14  For the Plaintiff:       ROSLYNN R. MAUSKOPF, ESQ.
                             United States Attorney
15                           BY:  SCOTT MORVILLO, ESQ.
                                  BRENDAN KING, ESQ.
16                           Assistant United States Attorney

17  For the Defendant:       J. DAVID NICK, ESQ.

18
    Probation:               BRANDON MAXON
19

20

21  Court Reporter:          FREDERICK R. GUERINO, C.S.R.
                             225 Cadman Plaza East
22                           Brooklyn, New York
                             718-330-7687
23

24  Proceedings recorded by mechanical stenography, transcript
    produced by CAT.
25

            FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

```
 1              THE COURT CLERK:  United States of America v.
 2   Antonio Lozada, Docet No. CR-05-284.
 3              (The interpreter, Robert Zaenker, is sworn in at
 4   this time.)
 5              Counsel, please state your names for the record.
 6              MR. MORVILLO:  Scott Morvillo and Brendan King for
 7   the United states
 8              Good morning, your Honor.
 9              THE COURT:  Good morning, Mr. Morvillo.
10              MR. NICK:  Good morning, your Honor.
11              J. David Nick, N-i-c-k, on behalf of Mr. Lozada.
12              THE COURT:  First, Mr. Nick, thank you for the
13   letter clarifying the absence of the relationship between you
14   and co-counsel in the case.
15              MR. NICK:  It is an ongoing situation, your Honor.
16   It is a big office that we share.
17              THE COURT:  I understand many of those arrangements.
18   I just wanted to be sure.
19              MR. NICK:  Thank you, your Honor.
20              THE COURT:  Mr. Nick, I have received correspondence
21   from you and the government, and I take it you have had a
22   full opportunity to review everything relating to sentence
23   with Mr. Lozada; is that correct?
24              MR. NICK:  Yes, Your Honor.
25              THE COURT:  Mr. Lozada, are you satisfied that you
```

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

1          THE COURT:  Initially there is a guidelines dispute
2    between the Probation Department and the government as to
3    whether or not Mr. Lozada qualifies for the four-level
4    deduction for minimal role, as recommended in the presentence
5    report, or, as the government argues, whether the real
6    reduction should be limited to three levels.
7          I do tend to agree with the government that although
8    it is true that the defendant was a guard for stash houses,
9    his position bespoke sufficient involvement and
10   responsibility to warrant the lesser three-level deduction.
11         The evidence of Mr. Lozada's role in the
12   organization apparently derived from three sources:  his
13   arrest in one stash house where certain things were found,
14   his possession of keys to that stash house and another stash
15   house, and his post-arrest statements.
16         In his post-arrest statements, Mr. Lozada
17   acknowledged that in December of 2004, an individual named
18   Robert Garcia offered him 5- to $10,000 a month to guard the
19   stash house in which he was arrested.
20         The defendant said that every Friday over at least -
21   in his post-arrest statement - a three-month period, Garcia
22   telephoned to tell him that someone would be coming to the
23   apartment to bring narcotics proceeds to be stored in traps
24   in dressers of the apartment, of which the defendant was
25   aware, but on each occasion he was told to and did leave the

1  apartment where this took place.  He also said that he knew
2  that the money was from the sale of drugs, but was not aware
3  of the amount of money and never opened the traps.
4      He acknowledged that two weeks before his arrest
5  Garcia brought him to a second apartment where Tejada
6  resided, and Garcia told him that the Tejada apartment would
7  be used as another stash house, and that the defendant was to
8  be paid to watch over both stash houses, the one where Tejada
9  slept and the other where Mr. Lozada slept.
10     So, given evidence that the defendant admitted, over
11 the three-month period he was paid somewhere between 15,000-
12 and $30,000 to watch over stash houses where narcotics
13 proceeds were stored, that he also knew that weekly,
14 presumably, a total of up to 12 times, if it was for a
15 three-month period, narcotics proceeds were in fact brought
16 to the apartment to be hidden in traps in dressers.  And that
17 15 days before his arrest, Garcia, who the defendant
18 identified as the leader of the organization, gave him
19 responsibility for a second stash house, giving rise at least
20 to an inference that the defendant also had some oversight
21 responsibilities with respect to both Tejada and Lopez.
22 In light of all of that, I cannot say that Mr. Lozada was
23 among the least culpable, but rather that his role was
24 between a minor and minimal one.
25     Accordingly, a guidelines analysis in my view yields

15

1    a level 25, category one, for a range of imprisonment I

2    thought it was 57 to 71 months -- yes.

3              The defendant has argued for a guidelines departure

4    under 5K2.20, aberrational behavior, but I do not believe the

5    facts of his case warrant a traditional guidelines departure

6    on that ground.

7              Nor will I rely directly on what defendant has

8    identified as a <u>Restrepo</u> departure under the guidelines.

9    Nonetheless, I find that a non-guidelines sentence is

10   appropriate under 3553(a).  Since, on assessing all of the

11   statutory factors, I conclude that a sentence moderately

12   lower than that yielded by a strict guidelines analysis is

13   sufficient, but no more severe than necessary, to accomplish

14   the goals for sentencing.

15             Although the government is correct that based

16   on facts known to Mr. Lozada, he should have understood that

17   he was guarding a substantial amount of money for a

18   substantial drug smuggling organization, the evidence of the

19   facts actually known to Mr. Lozada do not, in my estimation,

20   support an inference that he should have known he was

21   guarding amounts approximating three quarters of a million

22   dollars.

23             In my view, this serves to mitigate somewhat the

24   nature and circumstances of his offense.

25   Nor is that mitigation in any way offset by an assessment of

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

16

1    the other statutory factors.

2         This is Mr. Lozada's first known brush with the law,

3    and he has had a relatively stable employment history.

4    Under all of the circumstances, I believe that a sentence of

5    44 months is sufficient, but no more severe than necessary to

6    satisfy the goals of sentencing.  I believe it appropriately

7    reflects the seriousness of the defendant's conduct and

8    serves the aims of deterrence and just punishment, protection

9    of the public, and promotion and respect for the law.

10        I would strongly recommend to the Bureau of Prisons

11   that he be placed in the 500-hour program, insofar as it is

12   in any way consistent with that recommendation.  If that's

13   not possible or if they aren't consistent, I will recommend

14   Ft. Dix.

15        So, ultimately, I'm sentencing Mr. Lozada to the

16   custody of the Attorney General for a period of 44 months, to

17   be followed by a three-year period of supervised release,

18   with special conditions that he submit to drug testing and

19   participate in substance abuse treatment with a treatment

20   provider selected by the Probation Department.  Treatment may

21   include outpatient or residential treatment as determined by

22   the Probation Department.

23        The defendant shall abstain from all illegal

24   substances and/or alcohol, and contribute to the cost of

25   services rendered by a copayment or full payment in an amount

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

1   to be determined by the Probation Department based on his
2   ability to pay, and/or the availability for a third party
3   payment.
4          I also prohibit the possession of a firearm.
5          I make a finding that the defendant is unable to pay
6   a fine, but I will impose the mandatory $100 special
7   assessment
8          Are there any outstanding counts?
9          MR. MORVILLO:  Yes, Your Honor.  Prior to dismissing
10  the outstanding counts, could we have an order of forfeiture
11  as to the defendant as part of the sentence?
12         THE COURT:  Yes.
13         I'm sorry, did you provide me with that?
14         MR. MORVILLO:  We provided a preliminary order of
15  forfeiture.  We are publishing that to the defendant as part
16  of the sentence.  We ask the court to order a forfeiture of
17  that money.
18         MR. NICK:  I thought there was an order signed?
19         MR. MORVILLO:  There is a preliminary order signed
20         THE COURT:  I did sign a preliminary order, and you
21  are asking that I sign a final order with respect to this
22  defendant?
23         MR. MORVILLO:  As part of the sentencing.
24         THE COURT:  Yes, I do order forfeiture by the
25  defendant in conformity with the preliminary order of

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

1  forfeiture that I previously signed, and I will dismiss any
2  outstanding counts.
3      Mr. Lozada, there are circumstances in which a
4  defendant may appeal the sentence. I don't know if it will
5  apply in your case. You discuss that with your attorney. If
6  you choose to appeal, a notice of appeal must be filed within
7  ten days. If you couldn't afford a lawyer, one would be
8  appointed to represent you.
9      MR. MORVILLO: Thank you, your Honor.
10     (The sentencing is concluded.)

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER